UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re: <br> Ridley, Charles D. <br>     SSN: xxx-xx-6136 <br>                             Debtor <br> CHARLES D. RIDLEY, <br>         Plaintiff <br> v. <br><br> M & T BANK, <br>         Defendant. | Case No.: 11-81817-C <br> Chapter 13 <br><br><br> Adv. Case No.: 16-8008-TRC |

**PLAINTIFF'S OBJECTION TO DEFENDANT M&T BANK'S MOTION TO STRIKE STATEMENTS AND EXHIBIT NOT IN EVIDENCE FROM PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Plaintiff, Charles D. Ridley ("Mr. Ridley" or "the Plaintiff"), hereby submits his Response to Defendant M&T Bank's Motion to Strike Statements and Exhibit Not in Evidence from Plaintiff's Proposed Findings of Fact and Conclusions of Law ("Motion to Strike") and states to the Court as follows:

Following the closing of evidence and conclusion of the trial on February 16, 2017, the Court requested that the parties submit proposed findings of fact and conclusions of law. In the Plaintiff's Proposed Findings of Fact and Conclusions of Law, the Plaintiff cited to the transcript of the trial and included Exhibit A. Plaintiff's Exhibit A is the M&T Bank Mortgage Loan Statement dated February 16, 2017, the same date as the trial of this matter. As the M&T Bank representatives were testifying under oath and as trial counsel for M&T Bank was making representations to this Court, M&T Bank was generating the February 16, 2017, mortgage loan statement (the "February 16 Statement"), which was mailed to the Plaintiff. The February 16 Statement is of such probative value that the Plaintiff attached it as Exhibit A to the Plaintiff's Proposed Findings of Fact and Conclusions of Law.

At trial on February 16, 2017, the M&T Bank representatives and its trial counsel stated to the Court that the Plaintiff was deemed current on his mortgage loan. The February 16 Statement issued on the same date as the trial directly contradicts the trial testimony and representations. Exhibit A was included in the Plaintiff's "Proposed" Findings of Fact and Conclusions of Law to show the Court that the Defendant, at the very least, engaged in a blatant misrepresentation at trial or, more likely, perpetrated a fraud upon the Court.

At trial, the M&T Bank's two representatives and its counsel informed the Court that Mr. Ridley's account had been corrected, and he had been deemed current. The transcript from the trial shows the following testimony under oath:

> Defendant's Counsel: To your knowledge has [Mr. Ridley] now been deemed current on his account?
>
> M&T Representative: To my knowledge, yes.
>
> The Court: Okay. And what date was that?
>
> M&T Representative: That was recent. Unfortunately, I don't know the exact dates, Your Honor.

Tr. at 37:22-25; 38:1-2.

> Defendant's Counsel: Okay. But those have—any of those fees have been cleared, moved and non-recoverable, Mr. Ridley is deemed current and due for his March 1st payment?
>
> Bayview Representative: That is correct.

Tr. at 59:10-13.

These statements were made by the designated trial representatives for the Defendant, M&T Bank. If M&T Bank's assertions at trial were truly accurate, Mr. Ridley would not have an amount unpaid or an unpaid late charge outstanding balance on his February 16 Statement. The Explanation of Amount Due in the February 16 Statement is consistent with nearly every

other statement that Mr. Ridley has received from M&T Bank: it reflects an amount unpaid from a prior statement in the amount of his monthly mortgage payment, thus indicating he is one month delinquent. There is no other explanation than the testimony and representations at trial were outright misrepresentations or an actual fraud upon the Court.

In its Motion to Strike, M&T Bank blatantly ignored the fact that the February 16 Statement continues to show Mr. Ridley as one month delinquent—a fact that is utterly contrary to the testimony before the Court. Rather than attempt to explain the outright misrepresentation or fraud upon the Court, M&T Bank has filed its Motion to Strike the February 16 Statement from the Plaintiff's Proposed Findings of Fact and Conclusions of Law. The Defendant asserts that the Plaintiff's inclusion of the M&T Bank Statement dated February 16, 2017, is somehow false and misleading. The Defendant also asserts that the Plaintiff has deliberately misled the Court by only providing the first page of the four page statement. Such accusations are incredulous when the very document M&T Bank seeks to strike is the document that establishes that M&T Bank engaged in a blatant fraud upon the Court.

The filing of the Motion to Strike compounds the misrepresentation and fraud upon this Court. After refusing to comply with previous Court orders and making false representations to the Court at trial, M&T Bank is now intent upon obscuring evidence of its misdeeds.

The Defendant also requests that the Court strike Paragraph 59 and the related arguments. In Paragraph 59 of the Plaintiff's Proposed Findings of Fact and Conclusions of Law, the Plaintiff proposed the following:

> 59. The Defendant's testimony at trial was that the charges were mischaracterized and were actually attorney's fees for the current litigation. Such testimony was self-serving and incredible. The facts are that it is just as likely that the Defendant was preparing to foreclose upon the Plaintiff's home. Trial Transcript at p. 59, lns. 20-25; p. 60, lns. 1-17.

The M&T Bank Mortgage Loan Statements offered and accepted into evidence show that the Plaintiff was being charged for "Forecl. Attny Fee," an abbreviation for "Foreclosure Attorney Fee." The natural and obvious conclusion of charges for Foreclosure Attorney Fees is that M&T Bank was preparing for or engaged in a foreclosure of the Plaintiff's home. M&T Bank's accusation in its Motion to Strike that "[t]he facts are that it is just as likely that the Defendant was preparing to foreclose upon the Plaintiff's home" is speculation or conjecture is meritless. The evidence at trial would lead a reasonable person to the obvious conclusion that M&T Bank was preparing to foreclose upon the Plaintiff's home.

The Defendant also requests that the Court strike Paragraph 63 and the related arguments. In Paragraph 63 of the Plaintiff's Proposed Findings of Fact and Conclusions of Law, the Plaintiff proposed the following:

> 63. According to information available on the internet, M & T Bank is a large bank with assets in excess of $122 billion. M & T Bank has the assets and the resources to devote time and money to fix the Plaintiff's mortgage loan account.

It is within this Court's discretion to take judicial notice of a fact based upon a well-known fact. The fact that M&T Bank is a large sophisticated bank is a well-known fact.

WHEREFORE, M & T Bank's Motion to Strike should be denied. In the alternative, the Court should reopen the evidence to accept the February 16, 2017 M&T Bank Mortgage Loan Statement into evidence.

| | |
|---|---|
| */s/ Greggory T. Colpitts* | March 30, 2017 |
| Greggory T. Colpitts, OBA No.: 14381 | Date |

**The Colpitts Law Firm**
6506 South Lewis, Suite 175
Tulsa, OK 74136-1079
918-747-9747
greg@colpittslawfirm.us
Attorney for Plaintiff

## CERTIFICATE OF MAILING

      I do hereby certify that all parties entitled to receive notice of the foregoing document were served by the Court's CM/ECF system.


*/s/ Greggory T. Colpitts*
Greggory T. Colpitts, OBA No.: 14381